IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VICTORIA "ALEXIS" ROBERT,** § § § **Plaintiff,** § § v. § § **MONTROSE ENVIRONMENTAL** § **GROUP, INC.; AND DOES 1-25** § **INCLUSIVE,** § § **Defendants.** § § | **CIVIL ACTION NO. 4:24-CV-04483** |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Montrose Environmental Group, Inc. ("Montrose" or "Defendant") files this Notice of Removal of Cause No. 2024-70652 filed by Plaintiff Victoria "Alexis" Robert ("Plaintiff" or "Robert") in the 234th Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support thereof, Defendant respectfully shows as follows:

## I.
## INTRODUCTION

1. On or about October 10, 2024, Plaintiff Victoria "Alexis" Robert ("Plaintiff") initiated this action, captioned *Victoria "Alexis" Robert v. Montrose Environmental Group, Inc.; and Does 1-25 Inclusive,* in the 234th Judicial District Court, Harris County, Texas by filing Plaintiff's Original Petition ("Original Petition"). The District Court designated Plaintiff's action as Cause No. 2024-70652. *See* Plaintiff's Petition, attached hereto as **Exhibit C-1**.[1]

---

[1] In accordance with LR81, an index of all matters being filed, is attached hereto as **Exhibit A**. A list of all counsel of record, including addresses, telephone numbers, and parties represented, is attached as **Exhibit E**.

2. In the Petition, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, Chapter 21 of the Texas Labor Code, § 21.051 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, retaliation under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), Retaliation Under the Texas Whistleblower Act, Texas Government Code, Chapter 554, and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* as well as claims for intentional infliction of emotional distress, negligent infliction of emotional distress, breach of implied contract, and defamation under common law. *See* **Exhibit C-1**.

3. A copy of the state court docket is attached as **Exhibit B**. A copy of each document filed in the state court action is attached as **Exhibit C**.

4. In accordance with LR81, an index of all matters being filed is attached as **Exhibit A**.

## II.
## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's federal law claims. The United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiff's Petition asserts civil claims arising under the laws of the United States, specifically Title VII, the ADA and the FMLA. *See* Original Petition ¶¶ 35-40, 47-52, 59-63, 69-75, 83-89, 101-106, 113-118. Thus, this case falls within the original federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

6. Relatedly, this Court has supplemental jurisdiction over Plaintiff's state law claims. Where a United States District Court has original jurisdiction over at least one of the claims in a case, the Court also has supplemental jurisdiction over any additional claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This requirement is satisfied where the claims "derive from a common nucleus of operative fact." *Halmekangas v. ANPAC La. Ins. Co.*, 603 F.3d 209, 293 (5th Cir. 2010). Here, Plaintiff's federal and state claims all derive from a common nucleus of operative fact arising from Plaintiff's employment with Defendant. Indeed, Plaintiff relies on the same set of alleged facts to support all claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiffs claims form part of the same case and controversy.

7.  Separately, this Court also has original jurisdiction over this case based on diversity jurisdiction. Such jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332. Both requirements are met in this case. Plaintiff is a citizen of the state of Texas because she is a resident of Harris County, Texas. *See* **Exhibit C-1, ¶ 2**. Defendant is a citizen of the state of Arkansas and Delaware.[2] **Exhibit D**. Defendant is a corporation organized under the laws of the state of Delaware. *Id*. Defendant's headquarters and principal place of business is located in the state of Arkansas at 5120 Northshore Drive, North Little Rock, Arkansas 72118. *Id*. The amount placed in controversy exceeds $75,000 because Plaintiff seeks damages in excess of $250,000. *See* **Exhibit C-1, ¶ 7**; s*ee also* 28 U.S.C. §1446(c)(2). *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)) (observing that in assessing the amount in controversy for diversity jurisdiction purposes, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith").

---

[2] Plaintiff incorrectly identifies Defendant as being a Texas corporation. *See* **Exhibit C-1,** Defendant is a Delaware corporation. *See* **Exhibit D.**

8. The fact that Plaintiff names unidentified Does as additional defendants does not impact this removal. Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded. (emphasis added); *see also Weaver v. Metropolitan Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019). Plaintiff names "Doe 1 through Doe 25…by fictitious names." **Exhibit C-1**, ¶ 4. Therefore, the Plaintiff's naming of "Does 1 to 25" has no bearing on the removal analysis. The only proper Defendant to be considered for jurisdictional analysis is Defendant Montrose Environmental Group, Inc.

9. There are no other named parties to the action.

10. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 98(b) and 1391(b) for the purpose of removal because the Southern District of Texas, Houston Division includes Harris County, where the state court action is pending.

### III.
### PROCEDURAL PREREQUISITES

11. This Notice of Removal is timely filed within 30 days after the receipt by Defendant Plaintiff's Petition. *See* Exhibit D, ¶. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." (emphasis added). The Fifth Circuit has held, in interpreting § 1446(b), that the federal removal statutes "require that an action be commenced against a defendant before removal, but not that the defendant have been served." *Delgado v. Shell Oil Company*, 231 F.3d 165, 177 (5th Cir. 2000). Plaintiff commenced this action against the Defendant on October 10, 2024. *See* TEX. R. CIV. P. 22; **Exhibit C-1**. Defendant was served with the petition on October 15, 2024. **Exhibit C-2**. Therefore, Defendant's Notice of Removal is timely.

4

12.     As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing of Notice of Removal along with a copy of this Notice of Removal will be promptly filed with the clerk of the 234th Judicial District Court of Harris County and served on Plaintiff. A copy of the Notice to State Court of Filing of Notice of Removal is attached hereto as **Exhibit F**.

13.     Pursuant to Local Rule 81, an Index of Matters Being Filed is attached hereto as **Exhibit A** and a List of Counsel of Record is attached hereto as **Exhibit E**.

## IV.
## CONCLUSION

Based on the above, Defendant Montrose Environmental Group, Inc. respectfully requests the removal of this action from the 234th Judicial District Court of Harris County to the United States District Court for the Southern District of Texas, Houston Division.

Dated: November 14, 2024                                          Respectfully submitted,

*Of Counsel:*

Katie Banks
Texas State Bar No. 24092114
Federal I.D. No. 2516169
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

*/s/ Luke C. MacDowall*
Luke C. MacDowall *(Attorney-in-Charge)*
Texas State Bar No. 24104445
Federal I.D. No. 2983511

**ATTORNEYS FOR DEFENDANT MONTROSE ENVIRONMENTAL GROUP, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 14, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing upon the counsel below:

John L. Pittman III, Esq., LLM[2]
JOHN L. PITTMAN III, APC | ATTORNEY AT LAW, APC
925 B Street, Suite 604
San Diego, California 92101
jlpittmaniii@jp3law.com

***Attorney for Plaintiff***

                                        */s/ Luke C. MacDowall*
                                        Luke C. MacDowall
                                        Katie Banks